E-FILED
Friday, 04 December, 2020  04:19:01 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-1146 |
| B&K TECHNOLOGY SOLUTIONS, INC. D/B/A ADVANCED TECHNOLOGY RECYCLING, and SA CAMPBELL PROPERTIES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant SA Campbell Properties, LLC's ("Campbell") Motion to Dismiss Plaintiff Crum & Forster Specialty Insurance Company's ("Crum") Complaint under Federal Rule of Civil Procedure 12(b)(2) or Transfer Venue under 28 U.S.C. § 1404(a). ECF No. 83. Defendant B&K Technology Solutions, Inc. d/b/a Advanced Technology Recycling ("Advanced Technology") has not moved to dismiss. For the reasons stated below, Defendant Campbell's Motion is GRANTED.

## BACKGROUND

Defendant Campbell leased a building in Utah to Advanced Technology where it operated a recycling business. The insurance policy for Advanced Technology was issued by Plaintiff Crum. After Advanced Technology vacated the premises it leased from Campbell, it was found to be damaged with contamination and toxic dust. As a result, Campbell filed suit in the District of Utah against Advanced Technology. Campbell's claims were tendered to Crum, who has denied

coverage. Crum then filed a Complaint in this Court seeking a declaratory judgment that it has no obligation to provide coverage under the policy.

On April 8, 2020, Plaintiff filed its Complaint for declaratory judgment against Defendants. ECF No. 1. On April 22, 2020, Plaintiff filed its Amended Complaint. ECF No. 4. On August 17, 2020, Defendant Advanced Technology filed its Answer. ECF No. 10. On September 24, 2020, Defendant Campbell filed its Motion to Dismiss or Transfer Venue. ECF No. 13. On October 22, 2020, Plaintiff filed its response to Defendant Campbell's Motion. ECF No. 17. On October 29, 2020, Defendant Campbell filed its reply. ECF No. 18-1. This Opinion follows.

## STANDARD OF REVIEW

Defendant Campbell moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Under *International Shoe v. State of Washington*, 326 U.S. 310 (1945), the exercise of jurisdiction must be consistent with "traditional notions of fair play and substantial justice." *Id.* at 316. Under Rule 12(b)(2), if this Court lacks personal jurisdiction over Defendant, it must dismiss the Complaint against it. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "Personal jurisdiction determines, in part, where a plaintiff may hale a defendant into court." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Once personal jurisdiction is challenged, the plaintiff has the burden of demonstrating the existence of jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000).

This Court is ruling on Defendant's Motion based on the submission of written materials, and, therefore, Plaintiff "need only make out a prima facie case of personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *see Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) ("To determine whether exercising personal jurisdiction is proper, a

court may receive and weigh affidavits prior to trial on the merits . . . if the district court's decision is based on the submission of written materials the burden of proof is met by a prima facie showing.") (internal citation omitted). Additionally, the Seventh Circuit has explained that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue,* 338 F.3d at 783.

Furthermore, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Once an appropriate alternate forum is identified, a court makes a two-pronged inquiry into both convenience and the interests of justice to decide whether transfer is warranted. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The movant has the burden of establishing, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The factors relevant to the convenience inquiry include "the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well "the location of material events and the relative ease of access to sources of proof." *Research Automation*, 626 F.3d at 978. As for the interests of justice, a court will consider "docket congestion and likely speed to trial" in each forum, "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Id*. The interest-of-justice inquiry "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id*. Because ruling on a motion to transfer venue requires an "individualized, case-by-case consideration of convenience and

fairness," the district court is afforded broad discretion and substantial deference in weighing the factors for and against transfer. *Coffey*, 796 F.2d at 219 (internal citation and quotation marks omitted).

## ANALYSIS

Defendant Campbell argues that this Court lacks personal jurisdiction over it. It claims that Campbell's only connection to Illinois is that it leased a building to Advanced Technology, whose headquarters are in Illinois; however, the lease was negotiated, signed, and performed in Utah. Campbell claims that it does not have an office or any employees in Illinois and does not advertise in this state. Furthermore, the underlying issue regarding damage to the leased building is based in Utah, as that is where the building itself is located.

On September 30, 2016, Defendant Advanced Technology purchased a company called Electronic Recycling Solutions ("Electronic Recycling").[1] Plaintiff surrounds its argument regarding jurisdiction over the Asset Purchase Agreement ("APA") between Electronic Recycling and Advanced Technology. The APA did not involve the leased building nor did it reference any lease terms. Scott Campbell ("Scott") was the sole member of Electronic Recycling and is also the principal of Defendant Campbell. The APA included a forum selection clause which states that each party consents to jurisdiction in Illinois. According to Plaintiff, the APA and the lease agreement were related agreements because Scott, who is the principal of Defendant Campbell signed the APA, and both agreements were signed on the same day. As such, Plaintiff states that Campbell availed itself to the benefits of Illinois law.

When evaluating specific jurisdiction, a court looks at whether it is "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim." *uBID, Inc. v. GoDaddy*

---

[1] Electronic Recycling is not a party to this lawsuit.

*Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). To answer this question in the affirmative, a defendant's contacts with the forum state must directly relate to or arise out of the challenged conduct. *John Crane, Inc..*, 891 F.3d at 695 (internal citation omitted). This means that the "contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009). Additionally, "[t]he exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492–93 (7th Cir. 2014). The relevant concerns are "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies." *uBID, Inc*, 623 F.3d at 432–33.

The Court finds that Plaintiff Crum has not established that Defendant Campbell has sufficient minimum contacts with Illinois to constitutionally permit this Court to exercise personal jurisdiction over it. Campbell's only connection to Illinois is that it leased a building to Advanced Technology, whose headquarters are in Pontiac, Illinois. The lease was negotiated, signed, and performed entirely in Utah. Moreover, Campbell has no offices, employees, or advertisements in Illinois. Crum issuing an insurance policy to Advanced Technology for a leased building in Utah does not avail Campbell of this state's jurisdiction. *See Northern Grain Mktg., LLC v. Greving,* 743 F.3d 487, 492 (7th Cir. 2014) (". . .contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts with the other party's home forum.").

The Court also agrees that the District of Utah is a more convenient forum in which to litigate this case. Nearly all of the evidence related to this matter involves witnesses in Utah,

including witnesses with knowledge of the damage and repairs to the leased building, the contractors Campbell hired to repair the building, and former employees who worked at the building – all of which are based in Utah, not Illinois. The other convenience factors under § 1404(a) also weigh in favor of transferring venue to the District of Utah. For instance, Campbell's principal place of business and the leased building at issue are located in Utah.

Moreover, the lease agreement between Campbell and Advanced Technology specifically states that the terms "shall be governed by and construed in accordance with Utah law." ECF No. 14-2 at 7. After the parties disputed over Advanced Technology's compliance with various provisions of the lease, Campbell and Advanced Technology entered into a settlement agreement, which amended the lease and required Advanced Technology to vacate the building. This settlement agreement also included a forum selection clause which stated that the terms would be "governed by and construed in accordance with the laws of the State of Utah" and the parties would "submit to the exclusive jurisdiction and venue of the courts of the State of Utah." ECF No. 14-3 at 4. Plaintiff urges the Court to consider the APA as its basis for jurisdiction, but none of the claims arise from the APA. Rather, the issues in this matter relate to the alleged damages of the leased building which are subjected to the lease and settlement agreements.

The second element of the § 1404 inquiry regarding interests of justice also weigh in favor of transferring venue to the District of Utah. Campbell has presented evidence that the District of Utah typically resolves cases in the same length of time as the Central District of Illinois. ECF No. 14-5. As of June 2020, the median time from filing to disposition of a civil case is 9.8 months in the District of Utah and 10 months in the Central District of Illinois. *Id.* Additionally, as of June 2020, the District of Utah has 2250 pending cases and the Central District of Illinois has 2127 pending cases. *Id.* Since the numbers are quite similar, there are no concerns regarding docket

congestion. *See Research Automation*, 626 F.3d at 978. The District of Utah will also have familiarity with the relevant Utah law that applies. Lastly, there is a desire to resolve the controversy in Utah as that is where the underlying issue regarding the leased building occurred and the related lawsuit is also based in that jurisdiction.

Overall, weighing in Campbell's favor are the convenience to it as a party and to its witnesses, the ease of access to sources of evidence regarding the leased building, the likelihood of similar resolution in the District of Utah, and Utah's interest in the controversy. The Court finds that the factors weigh in favor of transfer to the District of Utah; therefore, Campbell's request to transfer this case is granted.

Defendant Advanced Technology has not requested a change of venue presumably because its headquarters are in Pontiac, Illinois; however, the Court has discretion to transfer venue under § 1404(a) in the interest of justice to any other district where it might have been brought. Indeed, even if a party does not raise the issue, a court should address the question of its jurisdiction and venue whenever the matter is in doubt. *Fitzgerald v. Seaboard System R.R., Inc*., 760 F.2d 1249, 1251 (11th Cir.1985). Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should consider jurisdictional and venue issues regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930–31 (7th Cir. 1993). Here, even though Advanced Technology has already filed an answer, a motion to transfer venue under § 1404(a) may be brought after an answer is filed. *See Janel Russell Designs, Inc. v. Mendelson & Assocs., Inc*., 114 F. Supp. 2d 856, 862 (D. Minn. 2000). As discussed above, the Court has found that the factors to transfer venue have been met; accordingly, in the interest of justice the Court orders the entire case be transferred to the District of Utah.

7

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss or Transfer Venue [13] is GRANTED. The Clerk of the Court is DIRECTED to transfer this case to the District of Utah and TERMINATE it on this Court's docket.

ENTERED this 4th day of December, 2020.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge